IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY WASHINGTON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  07-3075 |
| | ) | |
| CITY OF SPRINGFIELD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Rickey Davis' Motion to Dismiss Count IV Pursuant to 28 U.S.C. § 1367(c)(3) (d/e 41). Washington alleges in Count IV of the Complaint (d/e 1) that Defendant Davis made false allegations that Washington had harassed a witness and thereby caused Washington to be arrested.  Davis moves to dismiss on the grounds that this Court should decline supplemental jurisdiction to hear Washington's claim.  Washington responds that the claim is not based on supplemental jurisdiction, but is a federal claim under 28 U.S.C. § 1983. Washington alleges facts that would sustain a claim for violation of his Fourth Amendment rights for arrest without probable cause.  The Motion

1

to Dismiss is therefore denied.

STATEMENT OF FACTS

Washington alleges that Defendant Davis, a City of Springfield Police Lieutenant, intentionally made false allegations that Washington had harassed a witness and then caused Washington to be arrested based on those allegations. Complaint, Count IV, ¶¶ 29-30, 33. As a result, Washington's bond was increased, and he was jailed for several months. Id., ¶¶ 31-32. Washington seeks compensatory and punitive damages for these alleged acts.

ANALYSIS

For purposes of this Motion, the Court must accept as true all well-pleaded factual allegations contained in Count IV of the Complaint and draw all inferences in the light most favorable to Plaintiff Washington. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). Count IV should not be dismissed unless it appears beyond doubt that Washington can prove no set of facts that would entitle him to relief. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).

When viewed in the light most favorable to Washington, the

allegations, if true, would support a claim that Davis intentionally caused Washington to be arrested without probable cause. Arresting an individual without probable cause is a violation of the Fourth Amendment. Kelley v. Myler, 149 F.3d 641, 646 (7th Cir. 1998). Washington, therefore, states a § 1983 claim in Count IV.

Davis relies on the Supreme Court's decision in Baker v. McCollan to argue that Washington fails to state a federal claim. Baker, 443 U.S. 137 (1979). The Supreme Court held in Baker that arresting and holding someone based on a facially valid arrest warrant does not violate due process. Id. at 143. Washington does not allege that he was arrested pursuant to a warrant. Washington alleges that Davis, a police lieutenant, lied and had him arrested. If true, a jury could conclude that Davis effectively arrested Washington without probable cause. Washington states a claim.

Davis also argues that Washington cannot recover damages for his detention after his arrest, or for the increase in his bond, because those injuries were imposed on Washington after a judicial determination. This issue is better left to a later point in this proceeding. Washington does not allege whether judicial determinations were made, and the parties have not

3

briefed the scope of damages resulting from an arrest without probable cause or the impact of subsequent hearings on those damages. At this point, the Court only determines that Washington states a § 1983 claim in Count IV.

THEREFORE, Defendant Rickey Davis' Motion to Dismiss Count IV Pursuant to 28 U.S.C. § 1367(c)(3) (d/e 41) is DENIED. Defendant Davis is directed to answer Count IV by August 17, 2007.

IT IS THEREFORE SO ORDERED.

ENTER: July 26, 2007.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE