# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY M. WASHINGTON, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 07-3075 |
| CITY OF SPRINGFIELD, et al., | ) | |
| Defendants. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Before the Court is Defendant Carpenter's Motion to Compel Discovery of Plaintiffs' Income Tax Returns with Incorporated Memorandum of Law [103] and Plaintiffs' Memorandum in Opposition [106]. Defendant Carpenter's motion lays out certain facts which provide the Court with an ability to find good cause for the discovery sought, and that the discovery sought is relevant. Plaintiffs' objections are overruled.

<u>Standard for Motion to Compel</u>

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Relevant information need not be

admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. The rule gives the district courts broad discretion in matters relating to discovery. See Brown-Bey v. United States, 720 F.2d 467, 470-471 (7th Cir.1983); Eggleston v. Chicago Journeymen Plumbers' Local Union 130, 657 F.2d 890, 902 (7th Cir.1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion). ". . . if there is an objection the discovery goes beyond material relevant to the parties' claims or defenses, the Court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible." Federal Rule of Civil Procedure 26(b)(1) Advisory Committee Notes, 2000 Amendment.

The federal discovery rules are to be construed broadly and liberally. Herbert v. Lando, 441 U.S. 153, 177 (1979); Jeffries v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D .Pa. 1999). Federal Rule of Civil Procedure

26(b)(1) provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .," but "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id.  The party opposing discovery has the burden of proving that the requested discovery should be disallowed. Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

District Courts have broad discretion in discovery matters.  Packman v. Chicago Tribune Co., 267 F.3d 628, 646 (7th Cir., 2001).  A party must be diligent in pursuing the perceived inadequacies in discovery and the trial court does not abuse its discretion if a party untimely seeks to compel inadequate discovery responses.  Packman at 647.  However, even an untimely filed motion to compel may still be allowed if the party demonstrates actual and substantial prejudice resulting from the denial of discovery.  Id.  Remember, we are talking discovery, not admissibility at trial.

## Conclusion

Under the discovery rules, the Court has discretion herein and exercises that discretion and ALLOWS Defendant's Motion [103]. However, the dates for the tax returns are slightly modified from Defendant Carpenter's request. Plaintiffs are ordered to produce a complete copy with all schedules and attachments of all federal tax returns for tax years 1997 to 2005. The Court directs that the tax return information provided to Defendant Carpenter shall be marked "confidential" and have the protections afforded "confidential" information under the Protective Order entered herein [80]. Plaintiffs to produce said tax returns by 6/2/2008.

ENTER:  May 14, 2008

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATE MAGISTRATE JUDGE