IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY M. WASHINGTON, and<br>JENNIFER A. JENKINS, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | ) | No. 07-3075 |
| CITY OF SPRINGFIELD, et al., | )<br>)<br>) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiffs' Motion to Strike the Defendants City of Springfield, Welsh, Wooldridge and Rouses's Expert Disclosure (d/e 182). Defendants City of Springfield, S. Welsh, J.T. Wooldridge, and Deputy Chief William Rouse (collectively the City Defendants) disclosed an expert witness report on February 24, 2009. The deadline for disclosing experts was December 1, 2008. Plaintiffs move to strike this tardy disclosure. The Motion is denied. The Court finds that the late disclosure was substantially justified.

The City's expert Charles Alsbury performed a cash flow analysis of Larry Washington's bank deposits, expenses, and reported income.

1

<u>Defendant City of Springfield's Response to Plaintiffs' Motion to Strike the Defendants' Expert Disclosure (d/e 186) (City Response)</u>, Exhibit K, <u>Defendants' Sixth Rule 26 Disclosure, Attached Report of Charles Alsbury</u>. To perform this analysis, Alsbury needed to review Washington's income tax records. On October 26, 2007, Defendant Paul Carpenter asked for a copy of Washington's income tax records in a request to produce. <u>City Response</u>, Exhibit A, <u>Defendant Carpenter's First Request for Production of Documents to Plaintiff Larry M. Washington</u>. On May 14, 2008, this Court entered an order granting Carpenter's Motion to Compel production of the tax returns. <u>Opinion entered May 14, 2008 (d/e 108)</u>, at 4. Washington produced 2002 and 2003 tax records on September 10, 2008. <u>City Response</u>, Exhibit C, <u>Letter from Shehnaz I. Mansuri dated September 10, 2008</u>. On October 30, 2008, Washington produced a notice from the IRS that included the 2002 and 2003 returns, but stated that the IRS had no records of Washington filing returns for 2001, 2004, or 2005, and that records for 2000 and before had been destroyed. <u>City Response</u>, Exhibit D, <u>Plaintiff Larry Washington's Responses to Defendant Carpenter's Supplemental Request for Production of Documents</u>.

On August 19, 2008, Defendant Carpenter obtained a transcript of

2

a deposition of Washington in which Washington produced income tax returns for 2002, 2003, and 2004. The returns attached as exhibits to the deposition transcript were not consistent with the returns produced by the IRS. City Response, Exhibit E, Defendant Carpenter's First Supplemental Rule 26(a)(1) Disclosures. On December 3, 2008, Carpenter served a request to admit on Washington seeking to determine which return was correct. City Response, Exhibit F, Defendant Carpenter's Request for Admission of Facts and Genuineness of Documents by Plaintiff Larry Washington. Washington initially refused to answer. This Court ordered him to answer. Text Order entered January 27, 2009. Washington finally answered on February 3, 2009. City Response, Exhibit I, Plaintiff Larry Washington's Revised Responses to Defendant Carpenter's Request for Admission of Facts and Genuineness of Documents. The City Defendants' expert then produced his report, and the report was disclosed on February 24, 2009. City Response, Exhibit K, Defendants' Sixth Rule 26 Disclosure.

    The late disclosure of an expert witness must be barred unless the late disclosure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). In this case, the late disclosure was substantially justified. The City Defendants' expert could not have formulated his opinion until Washington

produced the requested tax information. Washington did not identify the accurate tax information until February 3, 2009. The City Defendants' expert, thus, could not have formulated his opinions until after that date. He did so promptly. The delay was substantially justified in this case.

The City Defendants should have moved for an extension of the deadline for disclosing experts based on Washington's failure to provide accurate information. In future situations, the City is directed to do so. In this case, however, the City Defendants could not have secured Alsbury's opinions any sooner, and the delay was attributable to Washington's delay in producing the relevant tax information. The delay, therefore, was substantially justified.

THEREFORE, Plaintiffs' Motion to Strike the Defendants City of Springfield, Welsh, Wooldridge and Rouses's Expert Disclosure (d/e 182) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: April 1, 2009

    FOR THE COURT:

                                  s/ Jeanne E. Scott
                                  JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE