IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LARRY M. WASHINGTON and <br> JENNIFER A. JENKINS, <br>     Plaintiffs, <br>     v. <br> DETECTIVE PAUL CARPENTER, <br> DETECTIVE JAMES GRAHAM, <br> DETECTIVE J. T. WOOLDRIDGE, <br>     Defendants. | No. 07-3075 |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiffs Larry Washington and Jennifer Jenkins' Motions in Limine (d/e 271, 272, 273, 279, 285, 289) (hereinafter referred to by docket entry numbers); Defendant Graham's Motion for Order to Adopt Defendant Carpenter's Responses to Plaintiffs' Motions in Limine (d/e 301); and Defendant Wooldridge's Motion for Order to Adopt Defendant Carpenter's Response to Plaintiffs' Motions in Limine Filed on November 16, 2009; Graham's Response to Plaintiffs' Motions in Limine Filed on November 18, 2009; and Defendant Graham's

1

Responses to Plaintiffs' Motions in Limine Filed on November 19, 2009 (d/e 302). The motions to adopt responses (d/e 301 and 302) are allowed. The Court rules on the Motions in Limine as follows:

MOTION 271

Motion 271 contains twenty-four separate motions in limine. The Court rules on these motions as follows:

Paragraph 1

The Plaintiffs seek to exclude evidence regarding their employment records. The request is denied. Plaintiffs claim that the Defendants planted cocaine in their home. The Defendants claim that the cocaine was already there. This puts at issue whether the Plaintiffs were involved in drug trafficking. Proof that the Plaintiffs were involved in drug trafficking would be relevant to show that the cocaine belonged to them. Evidence that a person's lifestyle and expenditures greatly exceed his legitimate income is circumstantial evidence of the person's involvement in illegal activity such as drug trafficking. See e.g., United States v. Briscoe, 896 F.2d 1476 (7th Cir. 1990). The Defendants therefore may present evidence regarding the Plaintiffs' income and expenditures, including their employment records.

Paragraph 2

The Plaintiffs seek to exclude evidence regarding insurance claims filed prior or subsequent to the search and arrest at issue in March 2005. The motion is denied. The Defendants want to present evidence of the Defendants' insurance claims for losses arising from a house fire in 2005 and a theft in 2004. The property lost by the Plaintiffs is evidence of the Plaintiffs' lifestyle and, as explained above, is relevant.

The Defendants also intend to admit an allegedly false statement made under oath to the insurance company in connection with the 2005 insurance claim. Washington verified that certain unsigned tax returns for 2002, 2003, and 2004 were the returns that he filed with the Internal Revenue Service (IRS). The Defendants intend to prove that these statements, under oath, were false. This evidence may only be admitted for impeachment purposes.

The Defendants also intend to admit photographs of a men's beaver fur coat, a men's mink fur coat and multiple flat screen televisions that were submitted with the 2005 insurance claim. These photographs will be barred. The photographs are cumulative and the potential for prejudice outweighs their probative value. Also, unlike the items listed on the

insurance claims, there is no indication of when the items portrayed in the photos were purchased.

Paragraph 3

The Plaintiffs seek to bar evidence about the Plaintiffs' prior arrests. This request is allowed, except that the Defendants may admit Defendant Graham's Affidavit for search warrant dated March 16, 2005 (Affidavit). The Affidavit references a 1994 conviction of Washington. The Defendants may not go into any more detail about the conviction beyond the reference in the Affidavit.

Paragraph 4

The Plaintiffs seek to bar evidence of the Plaintiffs' prior convictions. This request is allowed except that the Defendants may admit the Affidavit for search warrant, which references a 1994 conviction of Washington. The Defendants may not go into any more detail about the conviction beyond the reference in the Affidavit.

Paragraph 5

The Plaintiffs seek to bar evidence of gang affiliation. This request is allowed except that the Defendants may admit the Complaint for Search Warrant (Warrant Complaint), Affidavit, the Search Warrant issued March

16, 2005 (Warrant), and the Return of the Warrant dated October 31, 2005 (Return), to the extent that any of the items recovered were gang-related. The Affidavit references Washington's alleged gang affiliation, and the Warrant Complaint and Warrant mention gang records and paraphernalia. Defendants Carpenter and Graham may also testify regarding information on which they allegedly relied to search Washington's trash, as referenced in the Affidavit. The Court will entertain a limiting instruction that the evidence is admitted to explain the basis for their actions rather than the truth of the matter asserted. The Court bars other evidence of gang affiliation.

<u>Paragraph 6</u>

The Plaintiffs seek to exclude witnesses that were not disclosed. This request is allowed without objection.

<u>Paragraph 7</u>

The Plaintiffs seek to bar photographs and documents that were not disclosed in discovery. This request is allowed without objection.

<u>Paragraph 8</u>

The Plaintiffs seek to bar evidence of the number of televisions in the Plaintiffs' residence at the time of the search and arrest. The request is

denied. This is evidence of the Plaintiffs' lifestyle at the time of the search and, as explained above, is relevant.

Paragraph 9

The Plaintiffs seek to bar evidence of the fact that Washington's son attends Calvary Academy, a private school. The request is denied. This is evidence of the Plaintiffs' lifestyle and, as explained above, is relevant.

Paragraph 10

The Plaintiffs seek to bar evidence that Washington owned alligator boots. The request is denied. The Defendants state that Washington's insurance claim for the July 15, 2005, fire listed a pair of alligator boots valued at $1,650.00, which he indicated he had owned for a year. This is evidence of the Plaintiffs' lifestyle and, as explained above, is relevant.

Paragraph 11

The Plaintiffs seek to bar evidence of references to Washington by law enforcement informants. This is allowed in part. The Defendants may submit the Affidavit, which discusses investigations of Washington. The Defendants may present evidence of any statements by informants, not referenced in the Affidavit, made within six months of the March 2005, search if Carpenter and Graham relied on such statements as a basis for

6

allegedly searching the Plaintiffs' trash as referenced in the Affidavit. The Court will entertain a limiting instruction that the evidence is admitted to explain the basis for their actions rather than the truth of the matter asserted. Other statements by informants are barred.

Paragraph 12

The Plaintiffs seek to bar reference to Washington as a drug dealer and gang banger. The Defendants may admit the Affidavit, Warrant, Return, and the results of the search, including the cocaine allegedly found at the time. Defendants Carpenter and Graham may also testify regarding information on which they relied to allegedly search Washington's trash, as referenced in the Affidavit. The Court will entertain a limiting instruction that the evidence is admitted to explain the basis for their actions rather than the truth of the matter asserted. The Court bars other references to Washington as a drug dealer or gang banger.

Paragraph 13

The Plaintiffs seek to bar references to Dossie Sanders and investigations of Plaintiffs by the U.S. Bureau of Alcohol, Tobacco, and Firearms (ATF). The Defendants may admit the Return, which references Dossie Sanders. The Defendants may not go into more detail regarding

7

Sanders.  The Defendants may also admit the Affidavit, which references the ATF investigation of Washington.  Defendants Carpenter and Graham may also testify regarding information on which they relied to allegedly search Washington's trash, as referenced in the Affidavit.  The Court will entertain a limiting instruction that the evidence is admitted to explain the basis for their actions rather than the truth of the matter asserted.  Other evidence of the ATF investigations is barred.

Paragraph 14

Plaintiffs seek to exclude documents relating to their financial situation.  This request is denied with respect to evidence of the Plaintiffs' financial information from 2002 and later.  Evidence of the Plaintiffs' financial situation from 2002 and later is evidence of the Plaintiffs' lifestyle.  As explained above, evidence of the Plaintiffs' lifestyle is relevant. Evidence of their financial situation before 2002, however, is too remote to be relevant.

Paragraph 15

The Plaintiffs seek to bar any reference to Danny Sidener.  This request is allowed without objection.

Paragraph 16

The Plaintiffs seek to bar any evidence of orders of protection sought by or against a Plaintiff. The Defendants may admit the Affidavit, which references an order of protection. The Defendants may not go into any more detail beyond the reference in the Affidavit.

Paragraph 17

The Plaintiffs seek to bar evidence that Washington filed bankruptcy. This motion is allowed. The bankruptcy is from 2001 and so is too remote in time to be relevant. Evidence of a bankruptcy would also be prejudicial. The prejudice significantly outweighs the probative value.

Paragraph 18

The Plaintiffs seek to bar evidence of an incident between Washington and former Police Lieutenant Rickey Davis. This request is allowed without objection.

Paragraph 19

The Plaintiffs seek to bar any reference to the fact that the Court entered summary judgment in this case in favor of former Defendants Rickey Davis, Stephen Welsh, William Rouse, and the City of Springfield. The request is allowed without objection.

Paragraph 20

The Plaintiffs seek to bar evidence of how they paid their bonds in the criminal trial. This request is allowed. The source of such funds is irrelevant.

Paragraph 21

The Plaintiffs seek to bar evidence from the Defendants' cash flow analyst Charles Alsbury. Alsbury conducted an analysis of the Plaintiffs' financial status. The request is denied. Evidence of the Plaintiffs' financial situation is evidence of the Plaintiffs' lifestyle and, as explained above, is relevant.

Paragraph 22

The Plaintiffs seek to bar evidence of their tax records. The request is denied with respect to the Plaintiffs' tax records for 2002, 2003, and 2004. These records constitute evidence of the Plaintiffs' financial situation. As such, this information is evidence of the Plaintiffs' lifestyle. As explained above, evidence of Plaintiffs' lifestyle is relevant. The Defendants may not admit tax records from before 2002.

Paragraph 23

The Plaintiffs seek to bar any reference to Plaintiffs owning or having

possession of firearms. The Defendants may admit the Affidavit, which references information of the Plaintiffs' possible possession of firearms. Defendants Carpenter and Graham may also testify regarding information on which they relied to allegedly search Washington's trash, as referenced in the Affidavit. The Court will entertain a limiting instruction that the evidence is admitted to explain the basis for their actions rather than the truth of the matter asserted. The Court bars any other evidence regarding this matter.

Paragraph 24

The Plaintiffs seek to bar evidence of Washington's involvement in or knowledge of a shooting of a Chicago police officer in 1999. The Defendants may admit the Affidavit, which references such shooting in 1999. The Defendants may not present any other evidence regarding this matter.

MOTION 272

The Plaintiffs move, again, to bar admission of their tax records. The Plaintiffs seek to bar evidence of their tax records. The request is denied with respect to the Plaintiffs' tax records for 2002, 2003, and 2004. These records constitute evidence of the Plaintiffs' financial situation. As such,

this information is evidence of the Plaintiffs' lifestyle and, as explained above, is relevant. The Defendants may not admit tax records for the years before 2002 or after 2004.

MOTION 273

Motion 273 contains two separate motions in limine, numbered 25, and 26 by the Plaintiffs. The Court rules on these motions as follows:

Paragraph 25

The Plaintiffs seek to bar evidence of the source of payment of the attorney fees they paid to defend the charges arising from the March 2005, search at issue. The request is allowed. The Defendants seek to admit evidence that the bond money was used to pay the fees, and that the bond money came from a third party; thus, the Plaintiffs suffered no damage from paying the fees. The Plaintiffs are correct that such evidence violates the collateral source rule.[1] The evidence of the source of the funds is barred.

Paragraph 26

The Plaintiffs seek to bar evidence that either Plaintiff had a firearm owner identification (FOID) card. The Defendants may admit the Affidavit,

---

[1] Defendants argue that Plaintiffs' criminal attorneys may have worked pro bono. If true, no payments would have been made, so there would be no source of payment.

12

which references Plaintiff Jenkins' alleged possession of a FOID card. The Defendants may not present any other evidence regarding this matter.

MOTIONS 279 and 285

Motion 279 contains one motion, numbered 27. Motion 285 contains the same motion number 27, and an additional motion number 28. The Court rules on these motions as follows:

Paragraph 27

The Plaintiffs seek to bar any evidence that Washington was involved in drug trafficking in the 1990s. The Defendants may admit the Affidavit, which references Washington's drug conviction in 1994. Defendants Carpenter and Graham may also testify regarding information on which they relied to allegedly search Washington's trash, as referenced in the Affidavit. The Court will entertain a limiting instruction that the evidence is admitted to explain the basis for their actions rather than the truth of the matter asserted. The Court bars other evidence of Washington's involvement in drug trafficking in the 1990s.

Paragraph 28

The Plaintiffs seek to bar evidence of Washington's tattoos. The Defendants state that at least one tattoo indicates a gang affiliation. Should

Washington testify and deny that he was ever affiliated with any gang, then the Defendants may seek to admit the relevant tattoo for impeachment purposes only. The motion is otherwise allowed.

MOTION 289

Motion 289 contains one motion in limine numbered 29.

Paragraph 29

The Plaintiffs seek to bar any evidence of lawsuits filed by Ronald Vose against the City of Springfield, Springfield Police Department, or City personnel. The request is allowed.

THEREFORE, Plaintiffs Larry Washington and Jennifer Jenkins' Motions in Limine (d/e 271, 272, 273, 279, 285, 289) are ALLOWED in part and DENIED in part. Defendant Graham's Motion for Order to Adopt Defendant Carpenter's Responses to Plaintiffs' Motions in Limine (d/e 301) is ALLOWED. Defendant Wooldridge's Motion for Order to Adopt Defendant Carpenter's Response to Plaintiffs' Motions in Limine Filed on November 16, 2009; Graham's Response to Plaintiffs' Motions in Limine Filed on November 18, 2009; and Defendant Graham's Responses to Plaintiffs' Motions in Limine Filed on November 19, 2009 (d/e 302) is ALLOWED.

IT IS THEREFORE SO ORDERED.

ENTER: November 20, 2009

    FOR THE COURT:

                                            s/ Jeanne E. Scott
                                          JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE