E-FILED
Monday, 17 May, 2010  09:29:57 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY M. WASHINGTON and | ) | |
| JENNIFER A. JENKINS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  07-3075 |
| | ) | |
| PAUL CARPENTER et al., | ) | |
| | ) | |
| Defendants. | ) | |

### <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Carpenter's Motion in Limine to Bar Testimony or Evidence Pertaining to Any Involvement of Paul Carpenter in Criminal Cases Involving Huey Whitley, Marcellus Mitchum, Reco Faine and Phillip Craig Thomas (d/e 222) (Carpenter Motion), and Defendant Graham's Fifth Motion in Limine (To Bar Any Argument, Testimony or Evidence About the Termination of Defendant Graham From the Springfield Police Department) (d/e 255) (Graham Motion) (collectively the Motions).  The Court previously reserved ruling on these Motions.  <u>Minute Entry entered November 16, 2009</u>.  For the

reasons set forth below, the Carpenter Motion is now allowed in part and denied in part, and the Graham Motion is allowed.

I.    <u>CARPENTER MOTION</u>

Carpenter seeks to exclude evidence concerning three other criminal investigations in which he participated while working for the Springfield Police Department.

A.    <u>Whitley and Mitchum</u>

The first matter involved two defendants, Huey Whitley and Marcellus Mitchum.  The Plaintiffs have no objection to this aspect of the Carpenter Motion.  This portion of the Carpenter Motion is allowed.

B.    <u>Faine</u>

The second criminal matter involved the investigation of an individual named Reco Faine.  Defendants Carpenter and Graham state that they searched Faine's garbage after Faine placed the trash at the curb, and the items found in the search led to the later issuance of a search warrant.  Faine denied that he had put out his trash at the curb the day that Carpenter and Graham claimed to have conducted the search.  The facts are remarkably similar to the Plaintiffs' allegations in this case.  The evidence, therefore, might be relevant.  The Plaintiffs, however, would need to call Faine, or

some other person with personal knowledge of the event, to testify, and at this point it does not appear that the Plaintiffs are prepared to do so.  This portion of the Carpenter Motion, therefore, is allowed; provided however, that if the Plaintiffs believe that they have a properly disclosed witness with personal knowledge of the incident who can testify to Faine's claim that Carpenter and Graham did not conduct the search of Faine's trash as they have claimed, then the Plaintiffs may make a proffer of such evidence outside the hearing of the jury.  Until the Plaintiffs make such a proffer, they may not mention the Faine incident to the jury.

    C.   <u>Thomas</u>

Last, in June 1999, Carpenter falsely stated in an affidavit in the Phillip Craig Thomas matter that an informant was a man when, in fact, the informant was a woman, the suspect's sister.  Carpenter stated in his deposition that he made the false statement to protect the informant.  This evidence is remote in time, but the false statement in the affidavit goes to the Plaintiffs' theory that Carpenter and Graham cut corners and did not follow proper procedures.  The Court, therefore, will not bar this evidence. This aspect of the Carpenter Motion is denied.

II.    GRAHAM MOTION

Graham asks the Court to bar evidence that Graham was terminated from his position at the Springfield Police Department.  The Court agrees. This fact is not relevant.  The firing was not related to the Washington incident and occurred long after the search and arrest that formed the basis for this case.

In response, the Plaintiffs state that they wish to admit the findings of an Illinois State Police report of an investigation of the Springfield Police Department issued in June 2006 (Report).  See Plaintiffs' Memorandum of Law in Response to Defendant Carpenter's Motion for Summary Judgment (d/e 192), Exhibit E, Investigative Summary dated June 28, 2006.  The findings constitute opinion evidence or legal conclusions.  Such opinions and legal conclusions would not be admissible because they would not aid the jury in their factual determinations.  Fed. R. Evid. 701, 702.  The incidents underlying the findings in the Report, however, may or may not be relevant.  Assuming the Plaintiffs have competent, admissible evidence of the underlying incidents that form the basis of a relevant finding in the Report, they may present that evidence without presenting evidence that Graham was fired.

4

The Plaintiffs indicate that they intend to call the author of the Report to testify as to its contents.  <u>Plaintiffs' Response to Defendant Graham's Motions in Limine (d/e 282)</u>, ¶ 5.  The author may be able to testify that he wrote the Report, but he does not have personal knowledge of the underlying facts that formed the basis of the Report.  The factual information within the Report is hearsay within hearsay.  The Plaintiffs will need to lay a foundation for an exception to the hearsay rule before admitting any item of hearsay within hearsay.  <u>Fed. R. Evid</u>. 805.  In the alternative, the Plaintiffs will need to call the individuals who have personal knowledge, such as the individuals interviewed, to present this evidence. Regardless, the Plaintiffs do not need to mention the subsequent firing even if they can present evidence of the underlying incidents discussed in the Report.  The Motion is allowed.  The subsequent firing of Graham is irrelevant and prejudicial.

THEREFORE, Defendant Carpenter's Motion in Limine to Bar Testimony or Evidence Pertaining to any Involvement of Paul Carpenter in Criminal Cases Involving Huey Whitley, Marcellus Mitchum, Reco Faine and Phillip Craig Thomas (d/e 222) is ALLOWED in part and DENIED in part, and Defendant Graham's Fifth Motion in Limine (To Bar Any

Argument, Testimony or Evidence About the Termination of Defendant

Graham From the Springfield Police Department) (d/e 255) is ALLOWED.

IT IS THEREFORE SO ORDERED.

ENTER:   May 17, 2010

      FOR THE COURT:

                          _____s/  Jeanne E. Scott_____
                                  JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE