UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY M. WASHINGTON and JENNIFER A. JENKINS, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Case No. 07-3075 |
| CITY OF SPRINGFIELD, PAUL CARPENTER, JAMES GRAHAM, S. WELSH, J.T. WOOLDRIDGE, LT. RICKY DAVIS, and WILLIAM ROUSE, | ) ) ) ) ) ) | |
| Defendants. | | |

## O R D E R  &  O P I N I O N

On December 9, 2010, following a jury trial, judgment was entered in favor of Defendants and against Plaintiffs Larry Washington and Jennifer Jenkins. (Doc. 351).[1] Before the Court is Defendant's Proposed Bill of Costs (Doc. 352) filed on December 21, 2010 and Plaintiff's Response to Defendant's Bill of Costs (Doc. 354) filed on December 28, 2010. Defendants seek to have a total of $19,993.09 taxed to Plaintiffs for costs incurred in the instant lawsuit. Plaintiffs argue that they are financially unable to pay the costs associated with this case. In the alternative, they seek to have Defendants' costs reduced pursuant to specific objections.

---

[1] Judgment in favor of Defendants City of Springfield, Ricky Davis, S. Welsh, and William Rouse was entered pursuant to an order of Judge Jeanne Scott on June 11, 2009; Judgment in favor of Defendant J.T. Wooldridge was entered pursuant to an order of Judge Joe B. McDade on December 2, 2010; Judgment in favor of Defendants Paul Carpenter and James Graham was entered pursuant to a jury verdict rendered on December 7, 2010.

## DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides that the prevailing party in a civil action may recover its costs. A district court has broad discretionary power to allow or disallow a prevailing party to recoup the costs of litigation, however it may not tax costs beyond those authorized by 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1982). Therefore, "[i]n order to award costs to a prevailing party, the court must determine that the expenses are allowable cost items and that the amounts are reasonable and necessary." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991).

Plaintiffs first ask the Court to consider their ability to pay the costs associated with this case. The Seventh Circuit has held that the inability to pay is a proper factor for the district court to consider in granting or denying taxable costs, and that the presumption that costs are to be awarded to the prevailing party "may be overcome by a showing of indigency." *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983). Here, however, Plaintiffs have submitted no affidavits or any other documentary evidence of indigency. Accordingly, the Court has no basis upon which to find that the presumption in favor of awarding costs to Defendants has been overcome, and cannot do so. *See McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994).

In addition to seeking consideration of their ability to pay, Plaintiffs also object to specific costs claimed by Defendants. The Court will consider these objections one at a time.

I. **Photocopying Expenses**

Plaintiffs object to several of Defendants' claims for photocopying expenses. Section 1920(f) expressly authorizes "fees for . . . copies of papers necessarily obtained for use in the case." To be necessarily obtained for use in the case, the copied documents may be attributable to discovery, or the courts' copies of pleadings, motions, or memoranda. *Autozone, Inc. v. Strick*, 2010 WL 2365523, at *2 (N.D. Ill., June 9, 2010). For documents filed with the court, only one copy for the court and one for opposing counsel are considered necessary. *Id.* The prevailing party is "not required to submit a bill of costs containing a description so detailed a description as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). However, it must "provide the best breakdown obtainable from retained records." *Id.* Whatever form of description submitted, "the court cannot award [the prevailing party's] copying costs without some confidence that the costs are properly recoverable." *Fait v. Hummel*, 2002 WL 31433424, at *5 (N.D. Ill. Oct. 30, 2002).

Here, Defendants seek $4,573.19 for exemplification and copies of papers, broken down as follows: $2,823.45 for copying costs incurred by Defendants Welsh, Wooldridge, Rouse, and City of Springfield ("City Defendants"); $558.80 for copying costs incurred by Defendant Carpenter; and $1,190.94 for copying costs incurred by Defendant Davis. (Doc. 352 at 45). Plaintiffs object to $2,726.88 in internal copying costs, of the $2,823.45 total copying costs claimed by the City Defendants. (Doc. 354 at 2). They allege that the City Defendants are seeking copying costs of $.23 per

3

page without providing any basis therefore, and ask that the Court reduce these costs by 50%. (Doc. 354 at 2).[2] Plaintiffs also claim that the invoices for Defendant Carpenter fail to provide any detail or itemization of what was copied and how many copies were made, and that therefore the $558.80 claimed by Defendant Carpenter should be denied.[3]

The City Defendants have not provided the Court with any documentation supporting their claim for $2,726.88 in internal photocopying costs, and thus the Court cannot determine the amount that they charged per page. However, because the City Defendants have failed to provide any breakdown or description of their internal photocopying expenses whatsoever, the Court will grant Plaintiffs' request to reduce these charges by 50%. Accordingly, the City Defendants' internal photocopying charges are reduced to $1,363.44.

Defendant Carpenter provides the Court with slightly more detail than the City Defendants with regards to his photocopying expenses, in that he has submitted invoices detailing the various months in which photocopying costs were incurred, as well as the extent of those costs each month. While Defendant Carpenter does not provide any explanation as to what documents were copied or

---

[2] Upon review of the documentation submitted by Defendants, the Court cannot determine from where Plaintiffs are deriving this argument. There is no indication in the documentation that the City Defendants are seeking copying costs of $.23 per page for internal copying, as the City Defendants provide no documentation whatsoever to support these costs. Curiously, the copying costs claimed by Defendant Davis are for copies made at $.23 per page, however the Plaintiffs do not object to Defendant Davis' claimed costs of $1,190.94.

[3] Plaintiffs have not objected to the lack of substantiation of the City Defendants or Defendant Davis' copying costs, even though their invoices contain the same, or even less, detail than those submitted by Defendant Carpenter. To the extent Plaintiffs have not made such objections, they are waived.

for what purpose, the information provided is adequate to support a bill of costs. *See Northbrook Excess*, 924 F.2d at 634 (upholding award of photocopying costs where description failed to identify the documents copied, the number of copies made, or the costs per page). Accordingly, Plaintiffs' request to exclude Defendant Carpenter's photocopying expenses is denied. These costs will be taxed to Plaintiffs.

## II. Transcription Costs for Depositions

Plaintiffs also object to the transcription costs for the condensed depositions of various deponents. Deposition costs (including transcripts) are authorized under § 1920(2). *Weeks v. Samsung Heavy Indus. Co.,*126 F.3d 926, 945 (7th Cir. 1997). However, these costs are only recoverable to the extent that the transcripts at issue are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "Transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are 'reasonably necessary.'" *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). Further, the transcripts need not be used at trial in order to be reasonably necessary, "the determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use." *Id.*

Here, Defendants' Bill of Costs seeks payment of $11,365.05 for court reporters and transcription costs for depositions. (Doc. 352 at 2). Plaintiffs do not object to these costs generally, however they do object to the inclusion of costs for condensed transcripts of various deponents. (Doc. 354 at 2).[4] "As a general rule, the

---

[4] Specifically, these deponents include James Graham, Stephen Welsh, Jeremy Wooldridge, Paul Carpenter, Rickey Davis, William Rouse, Tracy Sulwer, Amy Parker, John Martin, LaVonne Odele, Tim Young, Donald Kliment, Ronald Vose,

5

costs of condensed transcripts are not taxable because they are not necessary to litigation and are merely for the convenience of an attorney." *Garcia v. City of Chicago*, 2010 WL 4134996, at *1 (N.D. Ill. Oct. 12, 2010) (*citing Ochana v. Flores*, 206 F.Supp.2d 941, 945 (N.D. Ill. 2002)). Nor have Defendants articulated any reason for why the condensed transcripts were necessary to this case. As such, Defendants taxable costs for transcription costs for depositions will be reduced by $230.10.[5]

### III. Witness Fees

Next, Plaintiffs object to the witness fees and subpoena fees of Glenna Sprinkle and Clay Dowis because they did not testify at trial. When witnesses are subpoenaed to trial under the good faith belief that their testimony will be necessary, it is an abuse of discretion for the district court to deny witness fees. *Spanish Action Comm. of Chicago v. City of Chicago*, 811 F.2d 1129, 1138-39 (7th Cir. 1987); *Gray v. Burke*, 2007 WL 3334201, at *6 (N.D. Ill. Nov. 9, 2007).

---

David Dodson, Amy Strawn, Donald Stouffe, John Carpenter, and Anthony McClure. (Doc. 354 at 2).

[5] Plaintiffs did not provide the Court with a breakdown of the costs of the condensed transcripts. However, upon the Court's own examination of Defendants' submission, the costs for the condensed transcripts of the relevant deponents are as follows: James Graham - $27.45; Rickey Davis - $16.95; William Rouse - $11.10; Paul Carpenter - $26.55; Tim Young - $18.45; Donald Kliment - $11.85; Ronald Vose - $27.90; David Dodson - $10.05; Amy Strawn - $7.95; Donald T. Stouffe - $5.85; John Carpenter - $17.55; and Anthony McClure - $9.90. The costs of the condensed transcripts of Stephen Welsh (106 pages), Jeremy Wooldridge (85 pages), Tracy Sulwer (66 pages), Amy Parker (76 pages), John Martin (52 pages), and LaVonne Odele (56 pages) are not discernible on the record because only a lump sum for the copy and condensed transcripts are provided in the invoices submitted. However, because the average number of pages for these transcripts is 73.5 pages, and, based upon the charges for the condensed transcripts of other deponents, a condensed transcript for a deposition of 73 pages is approximately $11.00, the Court reduces Defendants' taxable costs by $11.00 for each of these six deponents.

Plaintiffs have not shown that Glenna Sprinkle or Clay Dowis were not subpoenaed in good faith. Thus, Defendants are entitled to the sum requested for their witness fees.[6]

Plaintiffs also object to the costs of Defendants using a process server to serve document and witness subpoenas. (Doc. 354 at 3). Plaintiffs argue that Defendants were not required to use a process server and therefore they should not be allowed to pass this cost on to the Plaintiffs. (Doc. 354 at 3). The use of private process servers is an allowable recovery, and is taxable as costs under 28 U.S.C. § 1920(1). *See Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). "In order to award costs for the service of subpoenas, the [C]ourt need only determine whether the subpoenas were reasonable and necessary in light of the facts known at the time of service." *Movitz v. First Nat'l Bank of Chicago*, 982 F.Supp. 571, 574 (N.D. Ill. 1997).

While it is true that the service of subpoenas via process servers is not necessary unless there is the risk of opposition or resistance, Plaintiffs do not specify for which subpoenas they believe formal service was unnecessary, nor do they provide any evidence to that effect. Because the burden of proof is on the losing party to affirmatively demonstrate that the prevailing party is not entitled to certain costs, and the Plaintiffs have failed to offer any evidence that the service of subpoenas was unreasonable or unnecessary, their request to eliminate these service charges from Defendants Bill of Costs is denied. *See id.* at 573-75.

---

[6] Moreover, the Court can find no evidence in Defendants' documentation that they are even seeking costs for subpoenaing Clay Dowis or Glenna Sprinkle, or that they are seeking witness fees for Glenna Sprinkle.

## IV. Travel Expenses

Plaintiffs also object to the $90.08 claimed as travel expenses for Lucretia Pitts, an attorney for the City Defendants. Travel expenses of attorneys and paralegals are not listed in 28 U.S.C. § 1920 and are therefore not reimbursable as costs. *Calderon v. Witvoet*, 112 F.3d 275 (7th Cir. 1997). Accordingly, this amount is not taxable to Plaintiffs.

## V. Other Costs

Finally, Plaintiffs object to the "other costs" claimed by Defendant Carpenter on the basis that "Defendant Carpenter does not provide details or itemization for 'Other Costs' of $844.47." (Doc. 354 at 2). However, the invoice submitted by Defendant Carpenter indicates that these costs are made up of $104.00 in fax charges, $88.22 at a FedEx Office, $22.56 in Freight Billing and Auditing, $33.88 in postage, and $608.44 for charges incurred on Westlaw. (Doc. 342 at 55). While these costs are itemized, none are mentioned in §1920 and courts within this circuit have held that they are not allowable. *See Coleman v. ANR-Advance Transp. Co.*, 2001 WL 477208 (N.D. Ill. May 4, 2001) (listing authority for the proposition that charges for faxes, Federal Express, postage, and computerized legal research are not taxable). Accordingly, Plaintiffs' request to deny Defendant Carpenter's "other costs" will be granted and such costs will not be taxed to Plaintiffs.

## CONCLUSION

For the foregoing reasons, the Defendants Bill of Costs shall be reduced in the following ways: 1) the City Defendants' internal photocopying expenses shall be reduced by 50% to a total of 1,363.44; 2) the Defendants' fees for deposition

transcripts shall be reduced by $230.10 to reflect the elimination of costs for condensed transcripts; 3) Defendant Carpenter's "other costs" of $844.47 shall be eliminated; and 4) the City Defendants "other costs" shall be reduced by $90.08 to reflect the elimination of Lucretia Pitts' travel expenses. Accordingly, costs shall be taxed against the Plaintiffs and in favor of Defendants in the amount of $17,465.00, which is broken down as follows:

| | | |
|---|---|---|
| 1. Fees for Service of Summons and Subpoena | $ | 1,283.72 |
| 2. Fees for Deposition Transcripts | $ | 11,134.95 |
| 3. Fees and Disbursements for Printing | $ | 45.50 |
| 4. Witness Fees | $ | 779.75 |
| 5. Photocopying Fees | $ | 3,209.75 |
| 6. Other Costs | $ | 1,011.33 |

IT IS SO ORDERED.

Entered this <u>6th</u> day of January, 2011.

                                          s/ Joe B. McDade
                                          JOE BILLY McDADE
                                    United States Senior District Judge